# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ALAN D. BRIGNER,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-1045
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). As an initial matter, the Court issued a Report and Recommendation on January 16, 2018, recommending that this action be dismissed for want of prosecution as a result of Petitioner's failure to pay the filing fee or file a proper motion to proceed *in forma pauperis*. (Doc. 3). However, it was later discovered that the filing fee was actually received by the Clerk's Office on December 14, 2017, but inadvertently not placed on the docket until January 25, 2018. Accordingly, the Court's January 16, 2018 Report and Recommendation is hereby **WITHDRAWN**.

Turning to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4. If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Here, for the reasons that follow, it plainly

appears from the face of the petition that Petitioner is not entitled to relief, and the undersigned **RECOMMENDS** that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

The Court of Appeals for Ohio's Fourth District summarized the facts and procedural history of this case as follows:

> The Athens County Grand Jury returned an indictment charging Brigner with six counts of rape. The parties entered into a plea agreement, which the trial court accepted, whereby Brigner pleaded guilty to three counts of rape in return for the dismissal of the remaining three rape counts. After the trial court sentenced Brigner to an aggregate 20-year prison term, he appealed. We reversed and remanded the cause for further proceedings because the trial court failed to substantially comply with Crim.R. 11(C)(2)(a), which invalidated his guilty plea. *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015–Ohio–2526.
>
> On remand Brigner again pleaded guilty to three rape charges in exchange for the dismissal of the remaining three rape charges; the trial court accepted his guilty plea. In June 2016, the trial court sentenced Brigner separately on each rape conviction, for an aggregate 12-year prison term. No evidence in the record exists of any argument by the parties or finding by the trial court addressing the issue of merger of the rape counts. This time Brigner did not appeal his convictions and sentence.
>
> In December 2016, almost six months after the trial court sentenced him, Brigner filed a pro se motion to correct his sentence. Brigner claimed that because they are allied offenses of similar import, the trial court erred by denying his motion to merge his rape offenses. The trial court denied Brigner's motion citing *res judicata* as barring his sentencing claim.
>
> II. ASSIGNMENT OF ERROR
>
> Brigner assigns the following error for our review:
>
> THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO MERGE ALL COUNTS.

*State v. Brigner*, 4th Dist. No. 17CA3, ¶ 3–6, 2017 WL 2774659, at *1 (Ohio Ct. App. June 9, 2017). On June 9, 2017, the Ohio Court of Appeals affirmed the judgment of the trial court, finding that Petitioner was barred by *res judicata* from raising his allied-offenses claim in a post-

conviction motion to correct his sentence when he could have raised that claim in a timely direct appeal. *Id*. at *2. Petitioner appealed that determination to the Ohio Supreme Court, but it declined to exercise jurisdiction. *State v. Brigner*, No. 2017-0879, 2017-Ohio-8136, 150 Ohio St.3d 1454 (Ohio Sup. Ct. Oct. 11, 2017). Petitioner subsequently filed this habeas action on December 1, 2017. (Doc. 1).

## II. DISCUSSION

In this action, Petitioner raises two grounds for relief. The undersigned finds that Petitioner is not entitled to relief on either ground and that dismissal pursuant to Rule 4 is proper.

### A. Petitioner's Double Jeopardy Claim (Ground Two) is Procedurally Defaulted

Petitioner argues that his conviction violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because "[d]espite actual innocence, the state court charged [him] for multiple counts that did not take place." (Doc. 1, PAGEID #: 7). The undersigned concludes that this claim has been procedurally defaulted.

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find them barred if later presented to the state

3

courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). This Court may *sua sponte* raise the issue of procedural default when conducting preliminary review of the habeas corpus petition under Rule 4. *See Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default sua sponte, neither are they precluded from doing so.").

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test described in *Maupin v. Smith*. 785 F.2d 135, 138 (6th

Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.*

Applying the *Maupin* test, the undersigned concludes that Petitioner has procedurally defaulted his double jeopardy claim. Ohio's general rule is that claims must be raised on direct appeal if possible or they will be barred by *res judicata* in subsequent state proceedings. *See State v. Perry*, 10 Ohio St. 2d 175, 180, 226 N.E. 2d 104 (1967); *see also Buell v. Mitchell*, 274 F.3d 337, 348–49 (6th Cir. 2001). Ohio also has a specific rule regarding allied offense claims— when an Ohio trial court finds that convictions are not allied offenses, or makes no findings about whether offenses are allied, a claim that the offenses are allied and should have been merged for sentencing must be made in a direct appeal or the claim will be barred by *res judicata*. *State v. Williams*, 148 Ohio St.3d 403, 409, 71 N.E. 3d 234, 240 (Ohio 2016). The Ohio courts applied these rules in Petitioner's case—Petitioner did not file a timely direct appeal and instead filed a "motion to correct" his sentence approximately six months after he was convicted. Petitioner apparently argued that the rape charges against him were allied charges

and that the trial court's failure to merge them violated the Double Jeopardy clause. *See Memorandum in Support of Jurisdiction*, No. 17 CA 00023, 2017 WL 2843591, at *3. The trial court determined that those claims could have been presented in a timely direct appeal, and thus they were barred by *res judicata*. *Brigner*, 2017 WL 2774659, at *2. The Ohio appellate court explicitly affirmed that determination, also citing Ohio's general *res judicata* rule. *Id*. The Ohio appellate court further acknowledged Ohio's specific rule that allied offense claims will be barred by *res judicata* if they are not raised on direct appeal when, as was the case here, a trial court is silent about whether offenses are allied or not. *Id*. (citing *Williams*, 148 Ohio St. 3d at 409).

Ohio courts consistently rely on *res judicata* to refuse review of procedurally barred claims, including allied offense claims. *See, e.g.*, *State v. Szefcyk*, 77 Ohio St. 3d 93, 95–96, 671 N.E. 2d 233 (Ohio 1996); *State v. Cole*, 2 Ohio St. 3d 112, 113, 443 N.E.2d 169, 171 (Ohio 1982); *State v. Ishmail*, 67 Ohio St. 16, 19, 423 N.E.2d 1068, 1070 (Ohio 1981); *State v. Fayne*, 8th Dist. No. 105641, 2017-Ohio-8889, ¶9, 2017 WL 6055038, at *2 (Ohio Ct. App. Dec. 7, 2017); *State v. Alston*, 9th Dist. No. 17CA011146, ¶5–6, 2017 WL 5588449, at *1 (Ohio Ct. App. Nov. 20, 2017); *State v. Florence*, 2nd Dist. No. 27478, ¶14, 2018 WL 679429, at *4 (Ohio Ct. App. Feb. 2, 2018). Moreover, the Sixth Circuit has held that Ohio's doctrine of *res judicata* is an independent and adequate state ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Finally, with respect to *Maupin's* independence prong, the Court concludes that in this context, Ohio's doctrine of *res judicata* does not rely on or otherwise implicate federal law. Accordingly, after a

review of the relevant case law, the undersigned concludes that the state actually enforced its *res judicata* rules against Petitioner; *res judicata* is an adequate and independent ground for denying relief; and that the first three *Maupin* factors are satisfied.

Under the fourth *Maupin* factor, Petitioner may nevertheless secure review of his claims on the merits if he demonstrates cause for his failure to follow state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). In this case, however, Petitioner does not allege a cause for failing to raise his claim on direct appeal. Because Petitioner cannot make a showing of cause, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2666 (1986).

There is a narrow exception to the "cause and prejudice" requirement. In order to avoid a "fundamental miscarriage of justice" a petitioner's claims may be heard on the merits when a constitutional violation has "probably resulted" in the conviction of someone who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 1852

(2004) (citing *Murray*, 477 U.S. at 496); *see also Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995). To establish a credible claim of actual innocence that can excuse a procedural default, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005) (applying *Shulp*). Here, again, Petitioner does not allege the existence of new evidence. He merely states that "despite" his actual innocence, he was charged with multiple counts. This is not enough to overcome procedural default. Consequently, the undersigned finds that Petitioner's claims are procedurally defaulted and that Petitioner has not alleged cause for the default or a credible claim of actual innocence that would excuse the default. The undersigned notes that Petitioner will have an opportunity to respond to the issue of procedural default by filing objections. *See Watkins*, 2016 WL 4934138, at * 2.

### B. Petitioner's Restitution Related Claim (Ground One) Is Not Cognizable

Petitioner also claims that the "financial sanctions" in his sentence violate the Due Process Clause of the Fourteenth Amendment. Specifically, Petitioner asserts that "[d]espite the controlling language of the legislature, the lower court did not follow the governing statutes prior to imposing financial sanctions or not imposing sentence." (Doc. 1, at PAGEID #: 5). The public docket for the Court of Common Pleas in Athens County, Ohio, reveals that as part of his sentence, Petitioner was ordered to pay restitution in the amount of $6,545.62 and court costs. (*State of Ohio v. Alan Brigner*, No. 12CR057, Athens County Court of Common Pleas, Docket Sheet). Petitioner did not directly appeal the imposition of restitution. (*Id*.) Instead, Petitioner filed an unsuccessful motion to vacate that portion of his sentence, followed by an unsuccessful

8

appeal, an unsuccessful motion to reconsider, and an unsuccessful application with the Ohio Supreme Court after the trial court denied the motion to vacate. (*Id.*; *see also State of Ohio v. Brigner*, No. 16CA25 Court of Appeals for Athens County, Docket Sheet).

Regardless of procedural posture, the undersigned finds that this claim is not cognizable. Subject matter jurisdiction exists under § 2254 "'only for claims that a person is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 F. App'x 766, 772–73 (6th Cir. July 11, 2013 ) (quoting *Dickerson v. United States*, 530 U.S. 428, 439 n. 3, 120 S.Ct. 2326 (2000); 28 U.S.C. § 2254(a)). "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Washington*, 529 F. App'x at 773 (finding that §2254 does not confer subject matter jurisdiction over claim challenging imposition of court-appointed counsel's fees; fines are not tantamount to custody); *Mitchell v. Woods*, No.17-1013, 2017 WL 6820127, at * 3 (6th Cir. June 26, 2017) (finding that a restitution claim was not amenable to habeas relief under § 2254; the statute only addresses custody); *see also United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (finding that 28 U.S.C. § 2255 cannot be used to challenge the imposition of costs of imprisonment and supervised release; monetary fines are not a sufficient restraint on liberty to meet the custody requirement). Moreover, a court does not obtain jurisdiction over a challenge to a restitution order simply because a petitioner is in custody at the time he files a claim. *Washington*, 529 F. App'x at 773. Accordingly, the undersigned finds that this claim should be dismissed for lack of subject matter jurisdiction.

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

Date: February 26, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE