IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALAN D. BRIGNER,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-1045
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On February 26, 2018, the Magistrate Judge issued a *Report and Recommendation* ("R&R") recommending that the petition for habeas corpus in this matter be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). (ECF No. 5.) Petitioner filed a timely *Objection* to that R&R. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For following reasons, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**. The R&R (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA").

In this federal habeas action brought under 28 U.S.C. § 2254, Petitioner asserts that the state trial court violated the Double Jeopardy Clause by failing to merge allied offenses at his sentencing. The Magistrate Judge correctly concluded that this claim was procedurally defaulted. The claim is apparent from the face of the record, and thus, it could have been raised in a direct appeal. Petitioner did not raise it in a direct appeal, however, and instead asserted it in a post-conviction motion to correct his sentence that he filed after the deadline for filing a direct appeal had already expired. Because Petitioner did not raise this claim in a timely direct appeal,

under Ohio law, he was prohibited by *res judicata* from raising it in any post-conviction proceedings. *See State v. Cole*, 2 Ohio St. 3d 112, 113 (Ohio 1982); *State v. Perry*, 10 Ohio St. 2d 175 (Ohio 1967) (holding that *res judicata* bars a criminal defendant from raising in post-conviction proceedings those claims that could have been raised on direct appeal). The state courts enforced Ohio's *res judicata* rule when they denied Petitioner's post-conviction motion asserting the allied offenses claim. *State v. Brigner*, 4th Dist. No. 17CA3, ¶ 3–6, 2017 WL 2774659, at *1 (Ohio Ct. App. June 9, 2017); *State v. Brigner*, No. 2017-0879, 2017-Ohio-8136, 150 Ohio St. 3d 1454 (Ohio Sup. Ct. Oct. 11, 2017). As the Magistrate Judge correctly explained, the Sixth Circuit Court of Appeals has determined that "the application of res judicata is an adequate and independent state ground justifying foreclosure of constitutional claims in habeas." *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003) (citing *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001)). Accordingly, this claim is procedurally defaulted.

Petitioner objects because the Magistrate Judge "raised the issue of procedural default" in a summary dismissal under Rule 4. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A procedural default may be raised *sua sponte*. *Sowell v Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *see also Day v. McDonough*, 547 U.S. 198, 206, 209 (2006) (holding that district courts "are permitted, but not obligated to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition" and noting that it makes "scant sense" to distinguish timeliness from procedural default). This Court has specifically held that the issue of procedural default can be considered as part of a preliminary review of a habeas petition pursuant to Rule 4. *Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) (citing *Sheppard v. Bagley*, 604

2

F. Supp.2d 1003, 1013 (S,D. Ohio 2009)); *Hauptstueck v. Warden, Lebanon Corr. Inst.,* No. 3:12-cv-356, 2012 WL 6023857, at *1–2 (S.D. Ohio Dec. 4, 2012). Therefore, the Court finds that this objection is without merit.

Petitioner responds to the procedural default analysis in his *Objection* but fails to allege cause and prejudice to excuse his default. Petitioner states that his "trial counsel deliberately withheld the documents vital for a timely appeal." (ECF No. 6, at PAGE ID # 35.) To the extent Petitioner asserts that his attorney's performance constitutes cause to excuse his default, the United States Supreme Court has explained that even though counsel's ineffectiveness can constitute cause in some circumstances, "[n]ot just any deficiency in performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Rather, "[i]neffective assistance of counsel may be a cause to excuse a default only if the procedural default was the result of an independent constitutional violation." *Id.* Petitioner does not, however, allege such facts. Petitioner does not allege, for instance, that he instructed his lawyer to file a direct appeal but that his lawyer failed to do so. He instead asserts only that he was not provided with documents. Although Petitioner does not identify the documents at issue, it is well-established that limited access to legal materials or the inability to obtain transcripts do not establish cause to excuse a default. *See e.g.*, *Fox v. Miller*, No. 2:15-cv-03074, 2017 WL 58189, at *8 (S.D. Ohio Jan. 5, 2017) (explaining that a petitioner's pro se, incarcerated status, and even his limited access to legal materials and the prison's law library do not constitute cause). *See also Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding that petitioner's mistaken belief that he required a copy of the trial transcript to file an appeal did not constitute cause).

In any event, even if the failure to provide documents constituted ineffective assistance of counsel, an ineffective assistance claim can only provide cause to excuse a procedural default if

the ineffective assistance claim is not defaulted. *Edwards*, 529 U.S. at 450–51 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Petitioner does not allege, nor does it appear that he ever raised an ineffective assistance claim in the state courts, [1] and his time to do so has long since expired.

Petitioner also indicates in his *Objection* that he "filed an appeal with the Fourth Appellate district, Appeal No. 16 CA 25" but that it was incorrectly time-stamped before being dismissed as untimely. (ECF No. 6, at PAGE ID # 34.) That appeal was taken, however, from a second post-conviction motion to vacate or waive court costs which did not assert the allied offenses claim but instead challenged the state trial court's imposition of restitution and court costs. *See State v. Brigner*, 4th Dist. No. 16CA25, (Ohio Ct. App. Jan. 23, 2017). As the Magistrate Judge correctly concluded, however, Petitioner's claim that the "financial sanctions" in his state court sentence violated his due process rights is not cognizable under § 2254 because challenges to fines or restitution do not satisfy the "in custody" requirement. *Washington v. McQuiggin,* 529 F. App'x. 766, 772–73 (6th Cir. July 11, 2013); *Mitchell v. Woods*, No.17-1013, 2017 WL 6820127, at * 3 (6th Cir. June 26, 2017). Thus, even if the purported time-stamp error constitutes cause to excuse Petitioner's default of this claim, it must be dismissed for want of jurisdiction.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must consider whether to issue a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). When a claim has

---

[1] The Court takes judicial notice that the public docket for the Athens County Clerk of Court indicates that Petitioner did not raise an ineffective assistance claim. *See State of Ohio v. Alan Brigner*, No.12CR057, Athens County Court of Common Pleas, Docket Sheet.

been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court **DECLINES** to issue a COA. The Court is not persuaded that reasonable jurists could debate whether Petitioner's Due Process claim was defaulted or that the Court lacked jurisdiction over Petitioner's restitution-related claim.

The Court also **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be in good faith and that an application to proceed in forma pauperis would be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

**Date:** May 30, 2019  /s/ *James L. Graham*  
**JAMES L. GRAHAM**  
**United States District Judge**

5