IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALAN D. BRIGNER,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-1045
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## **OPINION AND ORDER**

This matter is now before the Court for consideration of Petitioner's *Motion to Amend or Alter Judgment* ("Motion"), (ECF No. 9), brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"). For the reasons that follow, Petitioner's Motion is **DENIED**. (ECF No. 9.) The Court further **DECLINES** to issue a certificate of appealability ("COA").

Petitioner filed this action for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that the state court violated his Double Jeopardy rights when it failed to merge allied offenses at his sentencing. (ECF No. 1.) On May 30, 2019, the Court entered final judgment dismissing the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts reasoning that Petitioner's claim is procedurally barred. (ECF Nos. 7, 8.) The Court reasoned that Petitioner's allied offenses claim was apparent from the face of the record, and thus, under Ohio law, it needed to be brought in a direct appeal or it would be barred under Ohio's doctrine of *res judicata*. Because Petitioner failed to raise the claim in a timely direct appeal in the state courts and he instead raised it in a post-conviction motion to correct sentence, the state appellate court found that the claim was barred by *res judicata*. Accordingly, on May

30, 2019, this Court concluded that it was procedurally barred in this federal habeas action. (ECF No. 7.)

Twelve days later, Petitioner filed his Motion pursuant to Rule 59(e). (ECF No. 9.) Rule 59(e) provides that a party may seek to have a court alter or amend its judgment by moving for such relief no later than 28 days after a judgment is entered. Fed.R.Civ.P. 59(e). Such motions do not, however, "allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Owner-Operator Indep. Drivers Assoc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (internal quotations and citations omitted). Moreover, Rule 59(e) motions are only granted in limited circumstances— when there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)).

Petitioner contends that this Court's procedural bar analysis represents a clear error of law. Specifically, he asserts that under Ohio law, his sentence was void because the state trial court failed to merge his allied offenses. As a result, he contends, he could attack his sentence by bringing his allied offenses claim at any time in the state courts without being barred by Ohio's doctrine of *res judicata*.

That contention is unavailing. Under Ohio law, a void judgment is indeed subject to attack at any time. *See State v. Fisher*, 128 Ohio St. 3d 92 (2010). For that reason, when a state trial court finds that offenses are allied, but nevertheless imposes separate sentences for them, those sentences are void, and *res judicata* will not bar a defendant from raising an allied offense claim after the conclusion of a direct appeal. *See State v. Williams*, 148 Ohio St.3d 403 (2016).

Nevertheless, when a state trial court finds that convictions are not allied offenses, or when it fails to make any findings with regard to whether offenses are allied, the sentences are not void, and any allied offense claim must be brought in a direct appeal or be barred by Ohio's doctrine of *res judicata*. *Id*. *See also State v. Hamilton*, No. 16CA17, 2017 WL 1291388, at * 3 (Ohio Ct. App. March 31, 2017) (citing *State v. Hardie*, No 14CA24, 2015 WL 1897437, at * 3 (Ohio Ct. App. April 24, 2015) (explaining that an allied-offenses claim does not render a sentence void but is instead an error that must be raised in a direct appeal)); *State v. Moore,* No. 12 MA 197, 2013 WL 5230716, at * 3 (Ohio Ct. App. Aug 30, 2013) (explaining that the void sentence doctrine does not extend to allied offenses claims).

Such are the circumstances here. "[T]he state trial court did not make any finding regarding whether the three rape charges that petitioner pleaded guilty to were allied offenses of similar import." *State v. Brigner*, No. 17CA3, 2017 WL 2774659 (Ohio Ct. App. June 9, 2017). As a result, Petitioner was required to raise his allied offense claim in a direct appeal. He failed to do so. The state appellate court thus properly found that the claim was barred by Ohio's *res judicata* doctrine. *Id*. Because the claim was barred by Ohio's *res judicata* doctrine, it is procedurally barred in this action. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (explaining that Ohio's *res judicata* rule is an adequate and independent state ground that bars federal habeas relief); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001) (same).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must consider whether to issue a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court **DECLINES** to issue a COA. The Court is not persuaded that reasonable jurists could debate whether Petitioner's Double Jeopardy claim was procedurally defaulted.

The Court also **CERTIFIES** pursuant to Fed. R. App. P. 24, that an appeal would not be in good faith and that any application to proceed in forma pauperis on appeal would be **DENIED.**

**IT IS SO ORDERED.**

**Date:** June 14, 2019    */s/ James L. Graham*
   **JAMES L. GRAHAM**
   **United States District Judge**